UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YUQUIAN ZHUANG,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT WALKER, et al.,<br><br>Defendants. | CASE NO. C26-1677JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is the Government's[1] motion to dismiss Plaintiff Yuquian Zhuang's complaint for improper venue and/or for failure to state a claim. (MTD (Dkt. # 5); Reply (Dkt. # 8).) Mr. Zhuang opposes the motion. (Resp. (Dkt. # 7).) The court has reviewed the parties' submissions, the relevant portions of the record, and the

[1] Defendants are Consul General of the United States Consulate General in Shanghai, China Scott Walker and Secretary of the United States Department of State Marco Rubio (together, the "Government"). (*See* Compl. (Dkt. # 1) ¶¶ 8-9.)

governing law. Being fully advised,[2] the court GRANTS in part the Government's motion and TRANSFERS this action to the United States District Court for the District of Columbia.

## II. BACKGROUND

Mr. Zhuang, a citizen of the People's Republic of China, is a software engineer who earned his Bachelor of Science and Master of Science degrees in Computer Science from Arizona State University. (Compl. ¶ 10.) He is the beneficiary of an approved Form I-129 Petition for a Nonimmigrant Worker that was filed by his employer, ByteDance, Inc. ("ByteDance"), which maintains an office in Bellevue, Washington. (*Id.* ¶¶ 6-7; *see also id.* ¶ 11, Ex. 1 (petition approval).) Since 2024, he has worked for ByteDance under an F-1 STEM Optional Practical Training visa, and he intends to resume employment at ByteDance after the Government adjudicates his visa application. (*Id.*; *see also* Zhuang Decl. (Dkt. # 7-1) ¶ 2.)

Mr. Zhuang departed the United States on April 16, 2025, to pursue his H1-B visa. (Compl. ¶ 10; *see also* Zhuang Decl ¶ 5.) On August 11, 2025, Mr. Zhuang underwent a nonimmigrant visa interview at the U.S. Consulate General in Shanghai, China, where the consular officer refused his application under Immigration and Nationality Act § 221(g), 8 U.S.C. § 1201(g), and placed it into administrative processing pending Mr. Zhuang's submission of additional materials. (Compl. ¶ 13, Ex. 2 (Administrative Processing Notice); Leone Decl. (Dkt. # 6) ¶ 5.) He submitted the requested information on August

[2] Neither party requests oral argument, and the court finds that oral argument would not assist it in the resolution of the motion. *See* Local Rules W.D. Wash LCR 7(b)(4).

15, 2025. (Compl. ¶ 14.) On September 24, 2025, the consular office notified Mr. Zhuang that the administrative processing of his case was complete and instructed him to submit his passport for visa issuance. (Zhuang Decl. ¶ 8.) On October 23, 2025, however, the consulate returned Mr. Zhuang's passport without issuing a visa, and informed him that further administrative processing was required. (*Id.* ¶ 10; *see also* Compl. ¶ 15, Ex. 3 (second Administrative Processing Notice).)

Mr. Zhuang and ByteDance have sought congressional assistance with Mr. Zhuang's visa to no avail. (Compl. ¶ 17.) ByteDance has since informed Mr. Zhuang that it cannot continue to hold his U.S.-based position open for him indefinitely. (*Id.* ¶ 19.) As a result, Mr. Zhuang is currently working for ByteDance's Shanghai branch at a much lower salary than he would receive in Washington. (Zhuang Decl. ¶ 14.)

Mr. Zhuang filed this action on May 15, 2026. (*See generally id.*) He alleges that the Government's failure to issue his visa violates the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 706(1), and the Due Process Clause of the Fifth Amendment to the United States Constitution. (*See generally id.*) As relief, he seeks a writ of mandamus compelling the Government to adjudicate his H1-B application within 30 days, a declaratory judgment holding the Government's failure to adjudicate his application is unlawful, and reasonable attorneys' fees under the Equal Access to Justice Act. (*See id.* at 9.)

The Government filed its motion to dismiss on July 31, 2026. (*See generally* MTD.) The motion is now fully briefed and ripe for decision.

## III. ANALYSIS

The Government moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(3) for improper venue or under Rule 12(b)(6) for failure to state a claim. (*See generally* MTD.) For the reasons set forth below, the court agrees with the Government that venue is improper under Rule 12(b)(3) and therefore transfers the action to the United States District Court for the District of Columbia.

Under 28 U.S.C. § 1391(e)(1), a civil action against an officer, employee, or agency of the United States:

> may . . . be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). Federal officers "reside," for venue purposes, where they perform their official duties. *See Zhang v. DeHart*, No. C24-0064KKE, 2024 WL 3027739, at *2 (W.D. Wash. June 17, 2024) (citing *Reuben H. Donnelly Corp. v. F.T.C.*, 580 F.2d 264, 267 (7th Cir. 1978)). The plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). "Courts may consider facts outside the pleadings and need not accept the pleadings as true, but all reasonable inferences and factual conflicts must be resolved in the nonmoving party's favor." *Kantharia v. USCIS*, 672 F. Supp. 3d 1030, 1032 (C.D. Cal. 2023) (citation omitted). If venue is improper, the court "shall dismiss" the case or, "if it be in the interest of justice," transfer it to a district where it could have originally

been brought. 28 U.S.C. § 1406(a). Whether to dismiss or transfer is within the court's discretion. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

The court agrees with the Government that venue for this action does not lie in the Western District of Washington. First, venue is improper under § 1391(e)(1)(A) because the acts and omissions Mr. Zhuang challenges took place at a consulate abroad, and the State Department is in the District of Columbia. *See Chorostecki v. Blinken*, 742 F. Supp. 3d 1078, 1081 (C.D. Cal. 2024) ("Courts generally agree that federal defendants reside in Washington, D.C. for venue purposes, and that venue does not lie in every district where a federal agency has an office.") (citation omitted). As a result, none of the Defendants "reside" in the Western District of Washington. *See* 28 U.S.C. 1391(e)(1)(A). Second, venue is improper under § 1391(e)(1)(B) because Mr. Zhuang's consular interview, the decision to place his visa application into administrative processing, and the delayed adjudication of his visa application occurred at a consulate outside the United States. As a result, none of the events or omissions giving rise to this action took place in this District. *See* 28 U.S.C. § 1391(e)(1)(B); *see also Chorostecki*, 742 F. Supp. 3d at 1081 (finding venue improper because the plaintiff's claim arose from the delay of her visa application, which occurred outside the United States).

Finally, venue is improper under § 1391(e)(1)(C) because Mr. Zhuang is a Chinese national who was in the United States on a temporary nonimmigrant visa and is thus not a resident of this District. *See Fang v. Rubio*, No. 25-cv-05151-TSH, 2025 WL 2772860, at *2 (N.D. Cal. Sept. 29, 2025) ("The Supreme Court has held that an alien 'is assumed not to reside in the United States, and hence must resort to the domicil[e] of the

defendant.'") (quoting *Galveston, H. & S.A. Ry. Co. v. Gonzales*, 151 U.S. 496, 506-07 (1894)). Although Mr. Zhuang protests that he resides in this District because he lived and worked in Bellevue starting in May 2024 and intends to return there after receives his visa (*see* Resp. at 7-8), that is not enough to overcome the presumption that he resides outside the United States. *See Fang*, 2025 WL 2772860, at *2 (finding venue in the Northern District of California improper where the plaintiff was a Chinese citizen located outside the United States, even though she had a residential lease in California, a California drivers' license, and verification of employment from her California-based H1-B petitioning employer).

Because venue is improper in this District, the court may either dismiss the action or transfer it to a proper district. 28 U.S.C. § 1406(a). Both parties propose transfer as an alternative to dismissal. (*See* MTD at 8; Resp. at 12.) Therefore, finding that transfer is in the interest of justice, the court transfers this action to the District of Columbia under 28 U.S.C. § 1406(a) and 28 U.S.C. §§ 1391(e)(1)(A)-(B)

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part the Government's motion to dismiss (Dkt. # 5) for improper venue and TRANSFERS this action to the United States District Court for the District of Columbia.

Dated this 31st day of August, 2026.

JAMES L. ROBART
United States District Judge